Rel: May 15, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

———————————————

### SC-2025-0878
———————————————

**Kenneth Laddie, Rebekah Laddie, Phillip Dial, and Rhonda Dial**

**v.**

**Alaran Construction, Inc.**

**Appeal from Shelby Circuit Court**
**(CV-21-900689)**

STEWART, Chief Justice.

Kenneth Laddie, Rebekah Laddie, Phillip Dial, and Rhonda Dial ("the defendants") appeal from an order entered by the Shelby Circuit Court ("the trial court") dismissing their counterclaims against Alaran

Construction, Inc. For the following reasons, that order is reversed, and the cause is remanded for further proceedings.

Facts and Procedural History

In October 2020, the Laddies entered into a contract with Alaran for the construction of a house. Under the terms of the contract, the parties agreed that the Laddies would pay Alaran twice a month for the work performed. On November 12, 2021, before construction was complete, Alaran filed a complaint in the trial court, alleging that the Laddies had breached the contract by failing to make a scheduled payment. Alaran later amended the complaint to add the Dials as necessary defendants to the action after discovering that they were guarantors on the Laddies' construction loan. See Rule 19, Ala. R. Civ. P.

On March 5, 2022, the defendants filed an answer to the complaint and asserted counterclaims alleging negligence, breach of contract, fraud, and conversion. The defendants later asserted a counterclaim alleging slander of title after Alaran filed a lien on the property on which the house was being constructed. On March 10, 2022, Alaran filed a motion to dismiss the defendants' counterclaims, pursuant to Rule 12(b)(6), Ala. R. Civ. P., arguing that they were not ripe because construction of the

house was never completed. The trial court never entered a ruling on that motion.

On April 22, 2024, Alaran filed a renewed motion to dismiss, raising the same ripeness argument as before. Additionally, as to the slander-of-title counterclaim, Alaran argued that dismissal was proper because, it said, it was legally required to file a lien to preserve its right to recovery. On June 13, 2024, the defendants filed a response to Alaran's motion. The trial court entered an order denying Alaran's renewed motion to dismiss on June 21, 2024.

Between July 8, 2024, and August 15, 2024, Alaran filed three additional renewed motions to dismiss. On April 22, 2025, the trial court entered an order setting a hearing on May 27, 2025, to address "[a]ll pending motions." On May 22, 2025, the defendants filed a response to Alaran's most recent renewed motions to dismiss, reasserting their opposition to Alaran's arguments for dismissal.

According to the record, neither the defendants nor their counsel appeared at the hearing on May 27, 2025. After the hearing concluded, counsel for the defendants notified the trial court by telephone that they

had failed to appear because of a "calendaring mistake." Nevertheless, on May 28, 2025, the trial court issued the following order:

"Due to Defendants' failure to timely respond to the Plaintiff's Motion to Dismiss Defendants' Five Counterclaims filed by Plaintiff on July 8, 2024 and Defendants' failure to appear and present opposition at the motion hearing on May 27, 2025, Plaintiff's Motion to Dismiss Defendants' Five Counterclaims is hereby GRANTED. Defendants' counterclaims of Negligence, Breach of Contract, Fraud, Conversion, and Slander of Title are hereby DENIED."

(Capitalization in original.) On June 4, 2025, Alaran filed a motion to dismiss its own claims, and the trial court entered a judgment the same day dismissing the case with prejudice.

On July 4, 2025, the defendants filed a motion to vacate the trial court's order dismissing their counterclaims, arguing that the dismissal was not warranted under Rule 41(b), Ala. R. Civ. P. Specifically, the defendants explained that their failure to appear at the hearing did not constitute "willful default or contumacious conduct" but instead, was the result of an "inadvertent scheduling error" by their counsel. Additionally, the defendants argued that their response to Alaran's renewed motions to dismiss on May 22, 2025, was timely. The defendants' motion to vacate

4

was denied by operation of law on October 2, 2025. See Rule 59.1, Ala. R.

Civ. P. The defendants timely appealed.[1]

### Standard of Review

> "'Ala. R. Civ. P. 41(b) provides for the involuntary dismissal of an action upon "failure of the plaintiff to prosecute or to comply with [the Alabama Rules of Civil Procedure] or any order of [the] court." Although dismissal for failure to comply with a court order is a "harsh sanction," it is warranted where there is a "clear record of delay, willful default or contumacious conduct by the plaintiff." Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981). Because the trial judge is in the best position to assess the conduct of the plaintiff and the degree of noncompliance, his decision to grant a motion to dismiss for failure to prosecute will be accorded considerable weight by a reviewing court. Van Bronkhorst v. Safeco Corp., 529 F.2d 943, 947 (9th Cir. 1976); Von Poppenheim v. Portland Boxing & Wrestling Comm'n, 442 F.2d 1047, 1051 (9th Cir. 1971), cert. denied, 404 U.S. 1039, 92 S. Ct. 715, 30 L. Ed. 2d 731 (1972). Therefore we will reverse that decision only upon a showing of abuse of discretion. Selby, [403 So. 2d] at 220; Smith v. Wilcox County Bd. of Educ., 365 So. 2d 659 (Ala. 1978).'

---

[1]According to the record, the defendants filed their notice of appeal on November 14, 2025, which was one day after the filing deadline. See Rule 4, Ala. R. App. P. Pursuant to Rule 57(k), Ala. R. App. P., counsel for the defendants attached a "Declaration of Electronic Hardship" to the notice of appeal, in which he explained that he had missed the filing deadline due to technological difficulties with the e-filing system and that this Court should accept the filing as timely. This Court accepted the defendants' notice of appeal as timely filed as permitted by Rule 57(k).

"Jones v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 604 So. 2d 332, 341 (Ala. 1991)."

Curry v. Miller, 261 So. 3d 1175, 1178 (Ala. 2018).

Analysis

On appeal, the defendants contend that the trial court exceeded its discretion when it dismissed their counterclaims against Alaran, pursuant to Rule 41(b), which provides, in relevant part, that a trial court may dismiss an action "[f]or failure of the plaintiff to prosecute [the case] or to comply with … any order of court." Before addressing the merits of the defendants' arguments, we note that, in its order of dismissal, the trial court did not state that it was dismissing the counterclaims pursuant to Rule 41(b). However, the order of dismissal plainly stated that the counterclaims were dismissed because the defendants had failed to file a timely response to Alaran's July 8, 2024, renewed motion to dismiss and had failed to appear at the hearing on May 27, 2025. Accordingly, we construe the order of dismissal as having been entered pursuant to Rule 41(b). See S.C. v. Autauga Cnty. Bd. of Educ., 325 So. 3d 793, 797 n.2 (Ala. 2020) ("[T]he substance of the circuit court's order and the circumstances under which it was entered indicate that [the

6

order] was based on Rule 41(b)."); see also Myers v. BBH PBMC, LLC,

[Ms. SC-2024-0833, Aug. 29, 2025] ___ So. 3d ___, ___. (Ala. 2025).

Furthermore, we note that, because the trial court's order did not

otherwise specify, the dismissal of the defendants' counterclaims was

with prejudice. See Rule 41(b) ("Unless the court in its order for dismissal

otherwise specifies, a dismissal under this subdivision and any dismissal

not provided for in this rule … operates as an adjudication upon the

merits.").

Regarding dismissals under Rule 41(b), this Court has observed

that a

> "[d]ismissal with prejudice is a harsh sanction and should be
> used only in extreme circumstances. …
>
> "In Alabama, and many federal courts, … a dismissal
> may be granted when there is a clear record of delay, willful
> default or contumacious conduct by the plaintiff. Smith v.
> Wilcox County Board of Education, 365 So. 2d at [659,] 661
> [(Ala. 1978)]. See, e.g., Boazman v. Economics Laboratory,
> Inc., 537 F.2d 210 (5th Cir. 1976); Pond v. Braniff Airways,
> 453 F.2d 347 (5th Cir. 1972). Willful default or conduct is a
> conscious or intentional failure to act. Welsh v. Automatic
> Poultry Feeder Co., 439 F.2d 95 (8th Cir. 1971). 'Willful' is
> used in contradistinction to accidental or involuntary
> noncompliance. No wrongful motive or intent is necessary to
> show willful conduct."

7

Selby v. Money, 403 So. 2d 218, 220-21 (Ala. 1981). Moreover, "[w]hen our appellate courts have reversed an order dismissing with prejudice, it was because the record did not reveal the extreme circumstances sufficient to warrant the harsh sanction of dismissal." S.C., 325 So. 3d at 798.

The defendants argue that their failure to appear at the hearing on May 27, 2025, did not evidence "a clear record of delay, willful default or contumacious conduct" to justify dismissal under Rule 41(b). Selby, 403 So. 2d at 220. In support of their argument, the defendants cite Myers, supra. In that case, the trial court dismissed Bonnie Myers's complaint after she and her attorney had failed to appear at a status conference, for which the trial court had ordered that "[a]ll parties must appear." Myers's attorney filed a motion to set aside the judgment, explaining that she and her client had failed to appear at the status conference because she had inadvertently not opened the email with the scheduling order and that, as a result, the court date was never calendared. The motion was denied, and Myers appealed. On appeal, Myers argued that the trial court had committed reversible error by dismissing the case because there was no evidence indicating that she had failed to prosecute the case

or that her attorney had engaged in willful or contumacious conduct. This Court reversed the trial court's judgment, concluding:

> "There is nothing in the record to indicate that Myers contributed to any of the delay that occurred in her case or that she failed to take steps to prosecute her claim. ... Thus, the only conduct that could support the circuit court's dismissal of Myers's complaint is the fact that Myers and her attorney did not appear for the August 9, 2024, status conference, which, for all that appears in the record, was the first scheduled court appearance for the parties. However, Myers's attorney stated in the postjudgment motion she filed on Myers's behalf that she and Myers had not appeared for the status conference because the attorney 'did not have the court date on the calendar' and that the reason the status conference was not on her calendar was because she had inadvertently failed to open the email containing the court's scheduling order."

Myers, ___ So. 3d at ___.

This Court reached a similar conclusion in Cabaniss v. Wilson, 501 So. 2d 1177 (Ala. 1986). In that case, the attorney for the plaintiffs, James Cabaniss and Martha Cabaniss, failed to appear at a hearing on a motion for a summary judgment. At the hearing, counsel for the defendants made an oral motion to dismiss the complaint under Rule 41(b) for failure to prosecute, and the trial court granted the motion. The Cabanisses filed a motion to vacate the judgment, explaining that the summary-judgment hearing was "inadvertently left off of the calendar" of their attorneys. 501

9

So. 2d at 1179. The trial court denied the motion, and the Cabanisses appealed to this Court. This Court reversed the trial court's judgment of dismissal, concluding that "the facts of the present case do not justify dismissal with prejudice." Id. at 1181. Specifically, this Court recognized that "the failure of the plaintiffs' attorney to appear in court ... was allegedly inadvertent on his part" and, thus, did not rise to the level of willful or contumacious conduct. Id.

Similarly, in Gill v. Cobern, 36 So. 3d 31 (Ala. 2009), this Court reversed the judgment of the trial court that dismissed Lenzie Gill's complaint after Gill's attorney did not appear at a pretrial conference. Gill filed a motion to vacate the judgment of dismissal, contending that the trial court should reinstate the case because the failure to appear was not willful but, instead, was "the result of a calendaring error." Id. at 32. The trial court denied the motion, and Gill appealed. This Court, relying on Cabaniss, reversed the judgment and stated as follows:

> "As was the case in Cabaniss, the record here does not reveal the presence of 'extreme circumstances' sufficient to warrant the 'harsh sanction' of a dismissal with prejudice. See Selby v. Money, 403 So. 2d 218, 220 (Ala. 1981). ... [T]he record clearly indicates that the trial court dismissed Gill's action on the sole basis that Gill's attorney did not appear at the pretrial conference. In Gill's motion to alter, amend, or vacate the trial court's judgment, Gill's attorney alleged that

> his absence was the result of a calendaring error and that it was not the result of willful or contumacious conduct. ... Nothing in the record indicates that Gill's attorney was engaged in 'willful' delay or 'contumacious conduct.' Therefore, we hold that the trial court erred in dismissing Gill's action with prejudice."

Id. at 33-34 (footnote omitted).

This case is analogous to Myers, Cabaniss, and Gill. There is no evidence in the record to suggest that the defendants failed to prosecute their counterclaims. To the contrary, the record indicates that the defendants were actively participating in the litigation process. Moreover, the record does not indicate that the defendants or their counsel engaged in willful or contumacious conduct by not appearing at the motion hearing on May 27, 2025. As noted earlier, counsel for the defendants contacted the trial court by telephone on the day of the hearing and the defendants later filed a motion to vacate, explaining that their inadvertent failure to appear was due to a "calendaring mistake." Our caselaw is clear that such a failure is not typically an "extreme circumstance" that warrants the "harsh sanction" of a dismissal with prejudice. Gill, 36 So. 3d at 33 (citing Selby, 403 So. 2d at 220)). Thus, consistent with our prior decisions, we conclude that the trial court erred

11

when it dismissed the defendants' counterclaims based on their inadvertent failure to appear at the hearing on May 27, 2025.

We note that the trial court also justified the dismissal of the defendants' counterclaims on the defendants' purported failure "to timely respond" to Alaran's July 8, 2024, renewed motion to dismiss. Alaran argued in its July 8, 2024, renewed motion to dismiss that the defendants' first four counterclaims were not ripe and that their fifth counterclaim alleging slander of title was not viable as a matter of law. On May 22, 2025, the defendants filed a written response that specifically addressed each argument contained in Alaran's July 8, 2024, renewed motion to dismiss. However, the record contains no order setting an earlier deadline for the defendants to respond to Alaran's motion, and our Rules of Civil Procedure provide no particular timeline for responding to a motion to dismiss. See McGinnis v. Steeleman, 199 So. 3d 69, 73-74 (Ala. Civ. App. 2015) (recognizing that even the failure to file a written response to a motion to dismiss does not give rise to a procedural default). Accordingly, to the extent that the trial court dismissed the defendants' counterclaims for their purported failure to file a timely response to Alaran's July 8, 2024, renewed motion to dismiss, it was simply incorrect,

12

and the order of dismissal, insofar as it was entered on that basis, is due to be reversed.

## Conclusion

Based on the foregoing, we conclude that the trial court exceeded its discretion in dismissing the defendants' counterclaims with prejudice pursuant to Rule 41(b) for the defendants' failure to appear in court and their purported failure to file a response to Alaran's July 8, 2024, renewed motion to dismiss. Accordingly, the order dismissing the counterclaims is reversed, and the case is remanded for further proceedings. In reversing the trial court's order of dismissal, we do not address the merits of the defendants' counterclaims.

REVERSED AND REMANDED.

Wise, Sellers, Cook, and Parker, JJ., concur.